IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHENET BALTHAZAR,**

    **Plaintiff,**

v.                                                                      Civil Action No. 3:24cv895

**CARE ADVANTAGE, INC.,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Plaintiff Michenet Balthazar's Amended Complaint. (ECF No. 5.)

Mr. Balthazar's Amended Complaint offends Federal Rule of Civil Procedure 8, which requires a short and plain statement of the grounds for this Court's jurisdiction and a statement of the claims showing that the plaintiff is entitled to relief. The Amended Complaint also fails to comply with the Court's December 20, 2024 directives regarding the Amended Complaint. (ECF No. 2.)

On December 20, 2024, the Court ordered that Mr. Balthazar file an Amended Complaint "which outlines in simple and straightforward terms why Mr. Balthazar thinks that he is entitled to relief and why the Court has jurisdiction over his case." (ECF No. 2, at 1.) The Court ordered that the Amended Complaint comply with the following directions:

The Amended Complaint SHALL COMPLY with the following directions:

1. At the very top of the amended pleading, Mr. Balthazar must place the following caption in all capital letters: "AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:24cv895."

2. The first paragraph of the particularized amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized amended complaint, Mr. Balthazar must set forth legibly, in separately numbered paragraphs, a short

    statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Mr. Balthazar must clearly identify each federal or state law allegedly violated. Under each section, Mr. Balthazar must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion.

3. Mr. Balthazar shall also include the relief he requests – what in the law is called a "prayer for relief."

4. The particularized amended complaint must stand or fall on its own accord. Mr. Balthazar may not reference statements in the prior complaint.

5. The particularized amended complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz v. Guice*, No. 3:08cv35 (RLW), 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

6. Mr. Balthazar shall also follow Eastern District of Virginia Local Civil Rule 5 regarding filing any documents under seal.

(ECF No. 2, at 1–2.) The Court advised Mr. Balthazar that "the failure to strictly comply with the Court's directives and with applicable rules will result in DISMISSAL OF THIS ACTION WITHOUT PREJUDICE." (ECF No. 2, at 2 (emphasis in original).)

    The Court finds that Mr. Balthazar's Amended Complaint does not comply with the clear instructions set forth in the Court's December 20, 2024 Order. (ECF No. 2.) For example, Mr. Balthazar does not allege any specific actions by Defendant Dave Wagnon. Further, the Amended Complaint, which is discursive and difficult to decipher, (1) does not clearly "set forth . . . in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief;" (2) does not "explain why he believes each defendant is liable to him . . . [and] reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion;" and, (3) does not "omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well grounded in

2

the law and fact." (ECF No. 2, at 2.) Also, Mr. Balthazar purports to state a claim for "Retaliatory Discharge" but does not specifically allege that he was discharged.

Pursuant to Federal Rule 41(b), the Court may dismiss an action when a plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)) (explaining that a court may "act on its own initiative" with respect to dismissal under Federal Rule 41(b)).

Accordingly, Mr. Balthazar's Amended Complaint is DISMISSED WITHOUT PREJUDICE. (ECF No. 5.)

An appropriate Order shall issue.

It is SO ORDERED.

Date: 3/27/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

3